Randy R. Haj, Bar No. 288913
rrh@paynefears.com
**PAYNE & FEARS LLP**
Attorneys at Law
200 N. Pacific Coast Highway, Suite 825
El Segundo, California 90245
Telephone: (310) 689-1750
Facsimile: (310) 689-1755

-and-

Seth R. Ogden (*pro hac vice* to be filed)
sro@iplawgroup.com
PATTERSON INTELLECTUAL PROPERTY LAW, P.C.
1600 Division Street, Suite 500
Nashville, TN 37203
Telephone: (615) 242-2400
Facsimile: (615) 242-2221

Attorneys for Plaintiff
BTL Industries, Inc.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BTL INDUSTRIES, INC., | CASE NO. **'25 CV 0524 TWR DEB** |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION** |
| v. | |
| CRYO REPUBLIC WELLNESS AND BODY CONTOURING LLC and JOHN LOMINSKY, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff BTL Industries, Inc. ("BTL") files this Complaint for patent infringement, trademark infringement, and unfair competition against Cryo Republic Wellness and Body Contouring LLC ("Cryo Republic") and John Lominsky (collectively, "Defendants"), and alleges as follows:

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## PARTIES

1.    BTL is a Delaware corporation with a principal place of business at 362 Elm Street, Marlborough, MA 01752.

2.    On information and belief, Cryo Republic is a California Limited Liability Company with a principal address of 9888 Carmel Mountain Road, Suite G, San Diego, CA 92129.

3.    On information and belief, John Lominsky is an individual and owner/operator of Cryo Republic residing at 1805 Donalor Drive, Escondido, CA 92027.

## JURISDICTION AND VENUE

4.    Subject-matter jurisdiction over BTL's claims arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, and the Lanham Act, 15 U.S.C. §§ 1051 and 1121, exist pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a)–(b).

5.    Subject-matter jurisdiction for the trademark and unfair competition claims exists with respect to the claims asserted in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338.

6.    This Court has supplemental jurisdiction over BTL's claims arising under the laws of California, pursuant to 28 U.S.C. § 1367(a), because BTL's state-law claims are so related to BTL's federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7.    On information and belief, this Court has personal jurisdiction over Cryo Republic and John Lominsky because they or their employees have committed acts of patent infringement under 35 U.S.C. § 271(a), (b), or (c), and are subject to this Court's jurisdiction under 28 U.S.C. § 1400(a).

8.    On information and belief, this Court has personal jurisdiction over Cryo Republic because it is a California Limited Liability Company and has its principal place of business in this District.

9. On information and belief, this Court has personal jurisdiction over John Lominsky because Mr. Lominsky is the owner of Cryo Republic and resides in this District.

10. Further, the acts complained herein occurred in this District, and, on information and belief, Mr. Lominsky directs and controls the actions of Cryo Republic.

11. Similarly, the exercise of personal jurisdiction over Defendants comports with the due process requirements of the United States Constitution because:

    a.   Defendants have purposefully established "minimum contacts" with the State of California and this District; and

    b.   the exercise of personal jurisdiction over Defendants will not offend the traditional notions of fair play and substantial justice.

12. Therefore, this Court has specific and general jurisdiction over Defendants.

13. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and 1400 at least because Cryo Republic has its principal place of business in this District, Mr. Lominsky is a resident of this District, Mr. Lominsky is the active agent behind the actions of Cryo Republic, and both Cryo Republic and Mr. Lominsky are subject to personal jurisdiction in this District.

## **BACKGROUND**

14. BTL specializes in the innovation, development, and sale of equipment and treatments for the aesthetics industry in the United States. BTL and its affiliates developed proprietary technology that uses high-intensity, electromagnetic stimulation to tone and strengthen muscles in targeted areas. BTL applied its technology to develop a series of new and innovative FDA-cleared devices and developed protocols for using the technology for aesthetic therapies. BTL denotes its products and services that feature this technology with its HIFEM brand and other

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

trademarks.

15.    The first such device that BTL developed was the EMSCULPT device, a standalone, non-invasive, FDA-cleared aesthetic body-contouring device. *See* **Exhibit A**, attached hereto (BTL Press Release).

16.    BTL's EMSCULPT device created a new market in which it quickly became the innovative industry leader. Before BTL launched the EMSCULPT device in 2018, no other product used high-intensity, focused, electromagnetic technology to tone and firm muscle for non-invasive, aesthetic body contouring.

17.    The aesthetic industry has recognized BTL's innovation, hailing it as having taken "the aesthetics industry by storm;" praising BTL as being the first to apply high-intensity, focused, electromagnetic energy technology for aesthetics; and lauding the EMSCULPT device as having "transformed treatment protocols." *See Id*.

18.    BTL's EMSCULPT NEO device is FDA-cleared and uses high-intensity, electromagnetic energy to induce powerful muscle contractions—unachievable through typical voluntary contractions—to contour an individual's physique. The EMSCULPT NEO device is currently cleared by the FDA as a non-invasive treatment for the abdomen, buttocks, arms, calves, and thighs. BTL markets and distributes its EMSCULPT NEO device to healthcare professionals.

19.    The EMSCULPT NEO device has been a breakthrough development in the aesthetics industry, receiving plaudits from some of the industry's largest companies. For example, the EMSCULPT NEO device won Dermascope.com's Aesthetician's Choice Award in 2022 and Glamour magazine described the device as "revolutionary." *See* **Exhibit B**, attached hereto (Dermascope and Glamour Awards).

### A.    *The Asserted Patent*

20.    On November 19, 2019, the United States Patent and Trademark Office (the "USPTO") duly and lawfully issued U.S. Patent No. 10,478,634 (the "'634 Patent"), entitled "Aesthetic Method of Biological Structure Treatment by Magnetic

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Field." A true and correct copy of the '634 Patent is attached to this Complaint as **Exhibit C**, attached hereto (10478634). The '634 Patent was exclusively licensed to BTL, and BTL possesses the exclusive right of recovery for any past, present, or future infringement of the '634 Patent, including equitable relief and damages.

### B.    *BTL's Trademarks*

21.    BTL uses and licenses registered and unregistered trademarks and trade dress to market its aesthetic equipment and treatments in the United States, including the following federally registered trademarks for EM, EMSCULPT, EMSCULPT NEO, HIFEM, and the BTL Logo (collectively, the "BTL Trademarks"):

- Registration No. 5,572,801 for EMSCULPT in Class 10 for, among other services, "medical apparatus and instruments for body toning and body shaping" and "medical apparatus and instruments for the removal of fat;" and

- Registration No. 6,069,279 for EMSCULPT in Class 44 for, among other services, "medical services;" and

- Registration No. 6,373,947 for EMSCULPT NEO in Class 10 for, among other services, "medical apparatus and instruments for body toning and body shaping" and "medical apparatus and instruments for the removal of fat" and in Class 44 for, among other services, "medical services;" and

- Registration No. 6,206,098 for stylized EM in Class 10 for, among other things, "apparatus and instruments for body toning and body shaping, and apparatus and instruments for the removal of fat" and in Class 44 for, among other things, "beauty salon services;"

- Registration No. 5,915,636 for EM in Class 10 for, among other things, "apparatus and instruments for body toning and body shaping, and apparatus and instruments for the removal of fat" and in Class 44 for, among other things, "beauty salon services;"

- Registration No. 5,688,619 for HIFEM in Class 10 for, among other things, "medical and aesthetic apparatus and instruments" and in Class 44 for, among other things, "health care services;" and

- Registration No. 4,750,101 for the BTL Logo in Class 10 for, among other things, "medical devices for body toning and body shaping."

22.    BTL has continuously and exclusively used the BTL Trademarks and

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

has never abandoned them. The BTL Trademarks are validly registered in the United States and are in full force and effect. True and correct copies of the trademark registration certificates for each of the above trademarks are attached to this Complaint as **Exhibit D**, attached hereto (TM Reg. Certs.). These registrations constitute *prima facie* evidence of validity of the BTL Trademarks and BTL's exclusive right to use the BTL Trademarks under 15 U.S.C. § 1057(b).

23.    The BTL Trademarks, therefore, perform an important source-identifying function for BTL's aesthetic body-contouring devices like the EMSCULPT and associated treatment services. The BTL Trademarks signify to purchasers that the body-contouring devices come from BTL, and the body-contouring services are rendered by BTL's devices and administered by BTL-trained and BTL-authorized service providers. The market reputation and consumer goodwill associated with the BTL Trademarks are of significant value to BTL.

## NATURE OF THIS ACTION

24.    This is a civil action brought by BTL arising out of Defendants' past and present patent infringement in violation of the patent laws of the United States, 35 U.S.C. § 1 *et seq.*; past and present trademark infringement, unfair competition, false designation of origin, and false advertising under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); and common law trademark infringement and unfair competition.

25.    On information and belief, Defendants have since at least May 30, 2024, advertised body contouring services using a device they called "EMSCULPT RENA." On May 30, 2024, attorneys for BTL sent Defendants a letter informing them of BTL's patents and trademarks, and of Defendants' potential infringement of BTL's intellectual property. Following this letter, Defendants responded to attorneys for BTL and informed them that Defendants had taken steps to remove potentially infringing content. Issues persisted with Defendants' website and social media content, and attorneys for BTL entered into discussions with attorneys for Defendants.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1   Upon the representation by Defendants' attorney that Defendants had "voluntarily
2   removed the device from its website and permanently disposed of it," attorneys for
3   BTL felt the matter was resolved and took no further action. *See* **Exhibit E**. However,
4   on January 22, 2025, attorneys for BTL learned that Defendants had begun offering
5   what appear to be identical body-contouring services using a device they are now
6   calling "C/R Sculpt." *See* **Exhibit F**. The current webpage (**Exhibit F**) is nearly
7   identical to the previous webpage (**Exhibit G**) advertising Defendants' body-
8   contouring services, albeit it with the BTL Trademarks removed. *Compare* **Exhibit
9   G** *with* **Exhibit F**. Defendants have not responded to BTL's most-recent
10  communication, and, on information and belief, Defendants' activity is ongoing.

11      26.    The images below are representative of Defendants' infringing conduct:



PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100





Indeed, at least one of these images appear to be images of BTL's EMSCULPT device taken from BTL's website.

27.     Defendants' use of EMSCULPT, HIFEM, and the BTL Logo is without BTL's authorization.

28.     On information and belief, the "EMSCULPT RENA," "C/R Sculpt," and "MUSCULPTING NEO" devices Defendants advertise (collectively, the "Knockoff Devices") are not authentic BTL EMSCULPT or EMSCULPT NEO devices yet are similarly advertised for toning muscles in a patient. On information and belief, Defendants' Knockoff Devices use time-varying, magnetic fields that are applied to a patient's skin and held there using a flexible belt attached to an applicator that includes a magnetic-field-generating coil. On information and belief, the magnetic-field-generating coil generates a time-varying, magnetic field, and the device applies a magnetic flux of 50 T cm$^2$ to 1,500 T cm$^2$ and causes muscle contraction.

29.     On information and belief, Defendant John Lominsky is the active agent behind the acts of Defendant Cryo Republic.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,478,634

30.    BTL repeats and re-alleges paragraphs 1–29 as if fully set forth herein.

31.    The '634 Patent is directed towards a method for toning muscles in a patient using time-varying, magnetic fields. Claim 1 of the patent recites:

A method for toning muscles in a patient using time-varying magnetic fields, the method comprising:

placing a first applicator comprising a magnetic field generating coil in contact with a patient's skin or clothing at a body region of the patient, wherein the body region is an abdomen or a buttock;

coupling the first applicator to the patient with an adjustable flexible belt so that the belt holds the first applicator to the patient's skin or clothing;

providing energy to the magnetic field generating coil in order to generate a time-varying magnetic field; and

applying a magnetic fluence of 50 T cm$^2$ to 1,500 T cm$^2$ to the body region, wherein the time-varying magnetic field is applied to the body region with a magnetic flux density sufficient to cause a muscle contraction in the body region.

32.    Defendants directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '634 Patent by making, using, offering to sell services using, or selling the Knockoff Devices or services using the Knockoff Devices to perform body-contouring services, or importing the Knockoff Devices into in the United States.

33.    On information and belief, Defendants have and continue to perform the preamble of claim 1 of the '634 Patent, which recites "[a] method for toning muscles in a patient using time-varying magnetic fields." For example, the landing page for the C/R Sculpt body-contouring services (**Exhibit F**) and an Instagram post featuring

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  this device promoted the device's ability to tone muscle.



34.    The landing page also indicated this device uses "High Intensity Focused-Electro-Magnetic" technology in "a specific range of frequencies that does not allow muscle relaxation between two consecutive stimulations." This language indicates that the device's magnetic fields can vary in intensity and frequency over time, providing time varying magnetic fields.

35.    On information and belief, Defendants have and continue to perform the

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

claimed step of "placing a first applicator comprising a magnetic field generating coil in contact with a patient's skin or clothing at a body region of the patient, wherein the body region is an abdomen or a buttock." For example, on information and belief, the applicators of the Knockoff Devices each house a magnetic field generating coil. The landing page represented that the device comes with applicators that "simultaneously emit[] synchronized [radio frequency] and High Intensity Focused Electromagnetic energies."

MUSCULPTING NEO is based on an applicator simultaneously emitting synchronized RF and High Intensity Focused Electro-Magnetic energies.

The landing page indicates the devices include at least two applicators, and



therefore at least two magnetic field generating coils.

36.    The landing page and Instagram post indicate the applicators of this device are positioned during treatment according to images depicting the applicators, and the magnetic field generating coils arranged within, being positioned on a body region of the patient being treated in contact with a patient's skin or clothing. The body regions indicated for treatment on the landing page include the abdomen and buttock.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100






**FLAT HANDLE**







37.    On information and belief, Defendants have and continue to perform the claimed step of "coupling the first applicator to the patient with an adjustable flexible belt so that the belt holds the first applicator to the patient's skin or clothing." For example, the landing page for this device indicates that the device's applicators are secured using belt straps. The landing page also indicated this device included at least two applicators. The device's applicators "simultaneously emit[] synchronized [radio

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

frequency] and High Intensity Electro-Magnetic energies" that "contract[] the muscle fibers in the area at intensities that are not achievable during voluntary workout."





MUSCULPTING NEO is based on an applicator simultaneously emitting synchronized RF and High Intensity Focused Electro-Magnetic energies.

Bypassing the brain limitations, High Intensity Focused Electro-Magnetic energy contracts the muscle fibers in the area at intensities that are not achievable during voluntary workout. Extreme stress forces the muscle to adapt, resulting in an increase in the number and growth of muscle fibers and cells. Clinical studies showed on average a 25%

38.    On information and belief, Defendants have and continue to perform the claimed step of "providing energy to the magnetic field generating coil in order to generate a time-varying magnetic field." For example, on information and belief, a reasonable opportunity for further investigation and discovery will show that the method of operation of this device includes providing a power supply which transmits energy to the applicators via an energy source and energy storage device, which in turn generates time-varying magnetic fields.

39.    Further on information and belief, for the magnetic field generating coils to produce magnetic waves using electromagnetism, the magnetic field generating coils must be provided with energy in the form of electricity. Therefore, energy is provided to the magnetic field generating coils in order to generate a time-varying

-14-

magnetic field.

40.     On information and belief, Defendants have and continue to perform the claimed step of "applying a magnetic fluence of 50 T cm$^2$ to 1,500 T cm$^2$ to the body region." For example, on information and belief, a reasonable opportunity for further investigation and discovery will show that the method of operation of this device includes a magnetic fluence in the range of 50 T cm$^2$ to 1,500 T cm$^2$ applied to a body region.

41.     On information and belief, Defendants have and continue to perform the claimed step of "wherein the time-varying magnetic field is applied to the body region with a magnetic flux density sufficient to cause a muscle contraction in the body region." For example, on information and belief, the landing page and Instagram post indicate the applicators of this device are positioned during treatment according to images depicting the applicators, and the magnetic field generating coils arranged within, being positioned on a body region of the patient being treated in contact with a patient's skin or clothing. The body regions indicated for treatment on the landing page include the abdomen and buttock.




PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

The landing page also represents that the "C/R Sculpt" treatment induces "20,000 contractions;" the Musculpting Device "induces very strong (supramaximal) muscle contractions[] not achievable through workout;" and that the device's "High Intensity Focused Electro-Magnetic energy contracts the muscle fibers...."



To induce 20,000 contractions over 30 minutes, the machine must vary the magnetic field over time, as indicated by the statement above regarding "consecutive stimulations.

42.    Defendants' infringement of the '634 Patent has been, and continues to be, willful and malicious. On information and belief, Defendants have been aware of the '634 Patent since before the filing of this Complaint and have infringed the '634 Patent willfully and deliberately and with knowledge that such conduct violates 35 U.S.C. § 271. Defendants were aware of BTL's products for the reasons stated in paragraphs 24–29, and BTL marks its products with a reference to its online patent listing at www.btlnet.com/patents. Moreover, BTL informed Defendants of their patent infringement by letter on May 30, 2024.

## COUNT II: TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

43.    BTL repeats and re-alleges paragraphs 1–29 as if fully set forth herein.

44.    By using EMSCULPT, HIFEM, the BTL Logo, and MUSCULPTING

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

NEO, Defendants are creating confusion among the consuming public as to the source, origin, sponsorship, and/or affiliation of the Knockoff Devices and services with BTL.

45.    Defendants' conduct relating to the BTL Trademarks is without authorization.

46.    Defendants are thus in violation of 15 U.S.C. § 1114 regarding the BTL Trademarks and 15 U.S.C. § 1125(a) regarding the use of EMSCULPT, HIFEM, the BTL Logo, and MUSCULPTING NEO or other confusingly similar terms.

47.    John Lominsky is the active agent behind the actions of the other Defendant.

48.    Defendants' actions have caused BTL irreparable harm for which BTL is entitled to a permanent injunction under 15 U.S.C. § 1116.

49.    Such acts further cause harm to BTL for which BTL is entitled to recover actual damages as well as the costs of any necessary corrective advertising.

50.    Because Defendants' conduct is willful, malicious, and exceptional, BTL is entitled to an accounting of profits, attorneys' fees, and multiplied damages.

## COUNT III: FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125

51.    BTL repeats and re-alleges paragraphs 1-28 as if fully set forth herein.

52.    Defendants have no right to use the BTL Trademarks in connection with their goods and/or services, yet Defendants have passed off their goods and/or services to the public as if they were BTL's goods.

53.    Defendants have falsely held themselves out to customers and potential customers as being connected with BTL.

54.    Defendants have acted with intent to confuse or deceive the public as to the source and origin of their goods and services.

55.    The public has in fact been confused or deceived by the source and origin

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  of Defendants' goods and services.

2      56.    John Lominsky is the active agent behind the conduct of the other

3  Defendant.

4      57.    Defendants' unlawful conduct is willful and malicious and constitutes

5  unfair competition under 15 U.S.C. § 1125.

## COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

9      58.    BTL repeats and re-alleges paragraphs 1–29 as if fully set forth herein.

10     59.    Defendants have without authorization, intentionally, willfully and

11 maliciously used the BTL Trademarks, and confusingly similar variations of these

12 trademarks to promote, market, offer for sale, and sell their goods and services.

13     60.    Defendants' actions have caused and are likely to cause consumer

14 confusion for reasons stated in paragraphs 24–29.

15     61.    Defendants' actions have caused and will continue to cause BTL to

16 sustain actual damages and lost profits in this District.

17     62.    BTL has no adequate remedy at law and will continue to suffer

18 irreparable harm unless Defendants are enjoined.

19     63.    Because of Defendants' unlawful conduct as alleged above, BTL has

20 been substantially injured and is entitled to damages and profits attributable to the

21 unlawful conduct, which are presently indeterminate, and the costs of this action.

## COUNT V: FEDERAL TRADEMARK COUNTERFEITING

## UNDER 15 U.S.C. § 1114

64.    BTL repeats and re-alleges paragraphs 1–29 as if fully set forth herein.

65.    Defendants use marks identical to BTL's EMSCULPT® federally

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

registered trademark.

66.    BTL has not authorized Defendants' use of the BTL Trademarks to advertise and promote the Knockoff Device(s).

67.    Defendants' unauthorized use of the BTL Trademarks is likely to (a) cause the public and consumers to believe that Defendants' Knockoff Device(s) are authorized by and/or affiliated with BTL; and (b) result in Defendants unfairly benefitting from the reputation of BTL and the BTL Trademarks to the substantial and irreparable injury of consumers, BTL, the BTL Trademarks, and the substantial goodwill represented thereby.

68.    Defendants' acts as set forth herein constitute trademark counterfeiting in violation of 15 U.S.C. § 1117(b)(1) and reflect Defendants' intent to exploit the goodwill and strong brand recognition associated with the BTL Trademarks.

## **PRAYER FOR RELIEF**

WHEREFORE BTL requests entry of judgment against Defendants as follows:

1.    A judgment that Defendants have infringed one or more claims of U.S. Patent No. 10,478,634 in violation of 35 U.S.C. § 271(a)-(c);

2.    An award of damages not less than $125,000 for infringement of the '634 Patent, with said damages to be trebled because of the intentional, willful, and malicious nature of Defendants' infringement, as provided by 35 U.S.C. § 284;

3.    A judgment that Defendants have willfully and maliciously infringed one or more claims of the '634 Patent;

4.    A determination that this case is "exceptional" under 35 U.S.C. § 285 and an award of BTL's reasonable attorneys' fees;

5.    An order permanently enjoining Defendants, their officers, directors,

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

employees, agents, and all persons acting in concert with them, from infringing the '634 Patent;

6.   A judgment that Defendants have violated the Lanham Act, 15 U.S.C. § 1114, by committing acts of trademark infringement;

8.   A judgment that the MUSCULPTING NEO mark is confusingly similar to BTL's EMSCULPT NEO trademarks and that Defendants' use of that mark, as alleged in this Complaint, infringes BTL's EMSCULPT NEO trademarks;

9.   A judgment that Defendants' use of the EMSCULPT, HIFEM, and the BTL Logo marks, as alleged in this Complaint, infringes the BTL Trademarks;

10.  A judgment that Defendant John Lominsky's conduct in violating BTL's Trademarks was willful and malicious;

11.  A judgment that Defendants have violated the Lanham Act, 15 U.S.C. § 1125(a), by committing acts of federal unfair competition, false designation of origin, and false advertising;

12.  An award of damages for Defendants' infringement of the BTL Trademarks, including Defendants' profits, any damages sustained by BTL, and the costs of the action as provided by 15 U.S.C. § 1117(a), with said damages to be trebled because of the intentional, willful, and malicious nature of Defendants' infringement, as provided by 15 U.S.C. § 1117(b);

13.  A judgment that this case is "exceptional" under 15 U.S.C. § 1117(a) and an award of reasonable attorneys' fees;

14.  An award of statutory damages for Defendants' infringement of the BTL Trademarks in an amount of $200,000 per counterfeit mark. That amount

to be heightened to $2,000,000 per counterfeit mark in accordance with 15 U.S.C. § 1117(c)(2) for Defendants' willfulness;

15.    An award of damages against Defendants as a result of their wrongful acts against BTL in an amount to be proved at trial;

16.    An award of any and all of Defendants' profits arising from the foregoing acts;

17.    An award of pre-and post-judgment interest of any monetary damages at the highest rate allowed by law;

18.    Permanent injunctive relief enjoining Defendants from:

a.    using the BTL Trademarks or any confusingly similar marks, in any manner in connection with the promotion, marketing, advertising, offering for sale, or sale of any good or service that is not a good or service offered by a genuine BTL product, or is not authorized by BTL to be offered in connection with the BTL trademarks;

b.    passing off, inducing, or enabling others to sell or pass off any good or service as a good or service offered by a genuine BTL product, or any other good or service offered by BTL, that is not BTL's or not offered under the authorization, control, or supervision of BTL and approved by BTL for sale under the BTL Trademarks;

c.    committing any acts calculated to cause consumers to believe that Defendants' goods or services are those sold under the authorization, control or supervision of BTL, or are sponsored by, approved by, or otherwise connected with BTL;

d.    further infringing BTL's Trademarks and damaging BTL's goodwill.

e.    An award of BTL's costs and expenses in this action; and

f.    For such other relief as the Court may deem just and proper.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DATED:  March 6, 2025          PAYNE & FEARS LLP

_/s/ Randy R. Haj_ ┐
Randy R. Haj, Bar No. 288913
rrh@paynefears.com
**PAYNE & FEARS LLP**
Attorneys at Law
200 N. Pacific Coast Highway, Suite 825
El Segundo, California  90245
Telephone: (310) 689-1750
Facsimile:   (310) 689-1755

 - and –

Seth R. Ogden (*pro hac vice* to be filed)
sro@iplawgroup.com
PATTERSON INTELLECTUAL
PROPERTY LAW, P.C.
1600 Division Street, Suite 500
Nashville, TN 37203
Telephone: (615) 242-2400
Facsimile:  (615) 242-2221

Attorneys for Plaintiff
BTL Industries, Inc.

COMPLAINT

1

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff BTL Industries, Inc. respectfully demands a trial by jury of any issues triable of right by a jury.

DATED:  March 6, 2025                    PAYNE & FEARS LLP

_/s/ Randy R. Haj ꟻ_
Randy R. Haj, Bar No. 288913
rrh@paynefears.com
**PAYNE & FEARS LLP**
Attorneys at Law
200 N. Pacific Coast Highway, Suite 825
El Segundo, California  90245
Telephone: (310) 689-1750
Facsimile:   (310) 689-1755

 - and –

Seth R. Ogden (_pro hac vice_ to be filed)
sro@iplawgroup.com
PATTERSON INTELLECTUAL PROPERTY LAW, P.C.
1600 Division Street, Suite 500
Nashville, TN 37203
Telephone: (615) 242-2400
Facsimile:  (615) 242-2221

Attorneys for Plaintiff
BTL Industries, Inc.

4924-8735-6196.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

COMPLAINT